NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 19 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREDERICK LEE JACKSON, | No. 17-55997 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01169-PSG-RAO |
| v. | |
| FELECIA HODGE, Library Technical Assistant, in her official and individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted January 16, 2018**

Before: REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Frederick Lee Jackson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo.  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (dismissal under 28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)).  We affirm.

The district court properly dismissed Jackson's access-to-courts claim because Jackson failed to allege facts sufficient to show that the prison's photocopying policy caused an actual injury.  *See Hebbe v. Pliler*, 627 F.3d 338, 342-43 (9th Cir. 2010) (an access-to-courts claim requires an actual injury).

The district court properly dismissed Jackson's failure-to-protect claim because Jackson failed to allege facts sufficient to show that the prison's photocopying policy posed a substantial risk of serious harm that defendants knew of and disregarded.  *See Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013) (elements of a failure-to-protect claim).

The district court properly dismissed Jackson's supervisory liability claim because Jackson failed to allege facts sufficient to show that defendants Hightshoe, Covello, Briggs, and Hatton were personally involved in a constitutional deprivation.  *See Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (discussing supervisory liability under § 1983); *see also Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014) (no vicarious liability for supervisors under § 1983).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                           17-55997

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**